(19 Misc. Rep. 366.)

## KELLY v. WEIR.

(City Court of New York, General Term. February 3, 1897.)

1. CONTINUANCE—ABSENCE OF WITNESS—DUE DILIGENCE.
   It is error to refuse to postpone a trial on account of the absence of a material witness, who is in Europe, but is expected to return in about ten days after the date fixed for the trial, where the moving party kept himself informed as to the whereabouts of the witness until about six months before the trial, and, as soon as the time of trial was reasonably certain, again inquired for him, and learned of his absence.

2. SAME—APPEAL—REVIEW OF ORDER REFUSING CONTINUANCE.
   An order refusing to postpone a trial will be reviewed on appeal from the judgment.

Appeal from trial term.

Action by Patrick Kelly against Levi C. Weir, as president of the Adams Express Company. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Reversed.

Argued before CONLAN and FITZSIMONS, JJ.

Seward, Guthrie, Morawecz & Steele, for appellant.

Louis Steckler, for respondent.

CONLAN, J. This appeal presents for review a judgment entered upon a verdict in favor of the plaintiff, as well as an order denying the defendant's motion for a new trial on the judge's minutes. The case was submitted on printed briefs and without oral argument, and we are asked to consider certain exceptions taken upon the trial of the rulings of the trial judge.

One of these exceptions presents a very serious question, and we content ourselves, at the outset, with a statement of the facts relating particularly thereto. When this case was reached for trial on the 15th of June, 1896, an application was made in behalf of the defendant for a postponement on the ground of the absence of material witness, a former employé of the defendant, and who was upon its wagon at the time of the accident alleged in the complaint, and was a witness to the occurrence. Indeed, he was the only corroborating witness for the defendant. It further appears from the printed case that this witness, James Nolan, had gone abroad on the 20th day of May, 1896, and was expected to return on the 24th day of June, the day after the day on which the trial had been adjourned; and, upon the affidavits presented to the court on the 23d day of June, when the case was next called for trial, the defendant asked for an adjournment on that ground, and to give him an opportunity to procure his attendance and have the benefit of his testimony. To this request the plaintiff interposed an objection, and the trial court denied the application for an adjournment, saying:

"Counsel may permit an inquest to be taken, and move to open, if so disposed; but, if the trial proceeds, the counsel will be precluded hereafter from so proceeding."

43 N.Y.S.—32

The defendant's counsel promptly excepted to this condition and ruling, and the question raised upon this exception was discussed at length by counsel in their respective briefs.

Ordinarily, perhaps, the party may not be put to the delay of an adjournment, and possibly lose the term of the court, on the ground of the inability of the opposing party to procure the attendance of the witness for a day certain,—i. e. the day on which an adjournment had been had; and it is incumbent upon the party to see to it that all reasonable steps be taken to secure the attendance of witnesses, as the Code and rules prescribe, by making due effort to subpœna the witness for the day when the case may be expected to be reached. Failing to do this, he must suffer the consequences of his own laches, and the other party may not reasonably be asked to consent to move the court to award postponement. This is a case where a party has been guilty of any laches, or has not made due effort.

The case at bar is somewhat different. The witness Nolan was an employé of the defendant from the time of the accident down to the 22d day of October, 1895. It had kept advised from time to time of his whereabouts, and intended to produce him at the trial, but was not advised of his intended trip abroad until after he had left, and could, therefore, not be advised of any necessity for his deposition. As soon as it became probable that the case would appear on the day calendar, and be reached for trial at the June term, inquiry was made for him at his place of residence, only to learn that he had left the country, as before stated, on a visit, and expected to sail for home on the 18th day of June, and to reach New York on June 24th, the fourth Wednesday of the month.

It is conceded he was an eyewitness to what occurred at the time of the accident; that he was upon the defendant's wagon, and actually took part in the discussion which occurred between the driver and the plaintiff and one or more of his fellow workmen immediately after the injury is alleged to have been sustained. His absence was fully accounted for, and the defendant is nowhere charged with being a party to any attempt to keep him out of the way as an excuse for not proceeding with the trial, or to obtain postponements for a day or for the term. Every effort appears to have been made to procure his attendance which the defendant could reasonably be expected to employ, and no one is called upon to do an impossible thing. The subpœna would not have reached him on the high sea, nor could an order to take his depositions have been complied with, and yet his reasonable attendance was expected on the following day.

We are not called upon to speculate as to whether or not he did actually arrive in New York as expected, nor can we be expected to say that in all, or any, probability, he might not have arrived. Neither are we to consider what might be his testimony or its effect on the jury. The defendant is entitled to the benefit of any testimony the witness would have been permitted to have

given, were he present upon the trial; and we cannot say that his evidence would not have resulted in a different verdict, or how the jury might have found if the testimony of the witness Coonan, the driver of the wagon, had been corroborated in any one or more particulars.

The question raised by the exception has been fairly and squarely presented, and it is sufficient for this purpose to say that the counsel for the respondent has given it considerable attention by the citation of authorities to sustain the decision in his favor; that the question is not novel, and may be reviewed on appeal. It is sufficient to cite a few authorities. The supreme court, in Gregg v. Howe, 37 N. Y. Super. Ct. 420, held that "an exception to a decision denying a motion to postpone a trial is available upon an appeal from a judgment." The court of common pleas, in Giraudat v. Korn, 8 Daly, 406, held that, where the papers on which the application to postpone form part of the record on appeal, the court at general term had the undoubted right to review; and in Gallaudet v. Steinmetz, 6 Abb. N. C. 224, the court held: "An exception lies to a refusal to postpone a trial on account of the absence of the material witness," and the appellant is entitled to have the moving affidavits inserted in the case on appeal.

We are of the opinion that the moving papers sufficiently set forth the materiality of the witness, and that the refusal to grant the application in behalf of the defendant was error, calling for a reversal. Having reached this conclusion, we have not deemed it necessary to discuss the other questions raised upon this appeal.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

FITZSIMONS, J., concurs.